IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OSCAR SEGURA-RESENDIZ,    )<br>    ID # 11049-078,    )<br>        Movant,    )<br>                              )<br>vs.                                    )<br>                              )<br>UNITED STATES OF AMERICA,    )<br>        Respondent.    ) | No. 3:21-CV-1918-X-BH<br>No. 3:14-CR-46-X(1)<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on August 17, 2021 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DISMISSED** for lack of subject matter jurisdiction.

### I.   BACKGROUND

On February 4, 2014, Oscar Segura-Resendiz (Movant),[2] a current inmate in the federal prison system, was charged by indictment with one count of illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a) and (b)(2).  (doc. 1.)[3]  After he pleaded guilty, he was sentenced to 27 months' imprisonment by judgment dated October 16, 2014.  (doc. 29 at 1-2.)[4]  No term of supervised release was imposed, but a special condition of supervised release

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] The style of the motion shows the movant's name as Oscar Segura-Resendez, but his name is spelled Oscar Segura-Resendiz in the challenged criminal case and with the Bureau of Prisons (BOP).  *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Aug. 24, 2021).

[3] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-46-X(1).

[4] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

provided that upon completion of his term of imprisonment, Movant would be surrendered to a duly-authorized immigration official for deportation. (*See id.* at 4.) Movant did not appeal his conviction or sentence.

On August 17, 2021, Movant filed a motion for writ of habeas corpus under 28 U.S.C. § 2255 challenging his federal conviction and sentence in Cause No. 3:14-CR-46-X.[5] (*See* No. 3:21-CV-1918-X-BH, doc. 2 at 1.)

## II. JURISDICTION

A § 2255 motion is a petition for relief from a conviction or sentence made by a prisoner under a federal sentence. A "movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (citing *Custis v. United States*, 511 U.S. 485, 497 (1994)). If a movant has been released from federal prison, federal courts maintain jurisdiction over his § 2255 motion if he remains subject to a term of supervised release, however. *See United States v. Bejarano*, 751 F.3d 280, 285 n.4 (5th Cir. 2014).

Here, Movant's 27-month term of imprisonment, imposed in October 2014, expired no later than January 2017, over four years before he filed his § 2255 motion. (*See* doc. 29 at 1-2.) He was not subject to a term of supervised release following the expiration of his sentence. (*See id.* at 4.) Having fully served the sentence imposed in Cause No. 3:14-CR-46-X, which he identified as the challenged conviction and sentence in his motion, Movant is not "in custody" for purposes of § 2255 such that he can challenge that conviction.[6] *See, e.g., Pack v. Yusuff*, 218 F.3d

---

[5] The underlying criminal case was originally assigned Cause No. 3:14-CR-46-P, which is the cause number Movant identified in his § 2255 motion. (*See* No. 3:21-CV-1918-X-BH, doc. 2 at 1.) On August 17, 2021, the case was reassigned to a new district judge and magistrate judge under Cause No. 3:14-CR-46-X.

[6] Movant appears to be currently serving a federal sentence for a 2018 criminal conviction.

448, 454 n.5 (5th Cir. 2000) (stating that § 2255 requires that at the time a prisoner files the motion, "he must be 'in custody' for the conviction or sentence he wishes to challenge in order for the habeas court to have jurisdiction."). Accordingly, the § 2255 motion should be dismissed for lack of subject matter jurisdiction.

### III.   RECOMMENDATION

The *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on August 17, 2021 (doc. 2), should be **DISMISSED** for lack of subject matter jurisdiction.

**SIGNED this 24th day of August, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE